# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02754-STV

DERWIN POWELL,
JUSTIN MORENO, and
RENE JESUS RAMOS,

      Plaintiffs,

v.

CLAYTON GROUP HOLDINGS, INC.,

      Defendant.

## DEFENDANT'S ANSWER TO COMPLAINT AND JURY DEMAND

Defendant Clayton Group Holdings, Inc. ("Defendant") answers Plaintiffs' Complaint and Jury Demand (the "Complaint") as follows:

*Parties*

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies the same.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same. Defendant admits the allegations in Paragraph 4 of the Complaint.

4. Defendant admits that Clayton Holdings LLC is a Delaware limited liability company and a subsidiary of Defendant, which is a subsidiary of Radian Group, Inc. a Delaware corporation. Defendant denies the remaining allegations in Paragraph 4.

5.  Defendant admits that Plaintiffs worked for Clayton Holdings LLC and/or its subsidiaries (collectively, "Clayton Holdings") at its Denver office, but denies the remaining allegations in Paragraph 5. To the extent Plaintiffs allege or infer that they were employees of Defendant or worked for Defendant in Paragraph 5 or any other paragraph of the Complaint, Defendant denies the same and avers that Plaintiffs were employed by and/or worked for Clayton Holdings.

*Jurisdiction and Venue*

6.  Defendant admits that jurisdiction is proper in this Court under 28 U.S.C. § 1331.

7.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies the same.

8.  Defendant admits that venue is proper in this Court. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore deny the same.

9.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

*General Allegations*

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits that Plaintiffs worked on the Bank of America project for Clayton Holdings, but denies the remaining allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant admits the allegations in Paragraph 13.

14. Defendant admits the allegations in Paragraph 14.

15. Defendant admits the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant admits the allegations in the first sentence of Paragraph 18, but denies the remaining allegations in such paragraph.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant admits that Plaintiff Powell worked on the Loss Mitigation team and further that he was reassigned to the Foreclosure team at his request. Defendant denies the remaining allegations in Paragraph 20.

21. Defendant admits the allegations in Paragraph 21.

22. Defendant admits that Plaintiff Moreno worked on the Foreclosure team, but denies all other allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant admits that, from time to time, one or more of Plaintiffs voiced concerns about certain work-related matters, both verbally and in writing. Defendant denies the remaining allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same.

FPDOCS 33704073.3

28. Defendant admits that, at the outset of Plaintiff Powell's employment, he performed well, received performance bonuses, and worked overtime. Defendant denies the remaining allegations in Paragraph 28.

29. Defendant lacks knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies the same.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant admits that, in March 2015, Plaintiff Powell complained about alleged discrimination, and avers that Plaintiff Powell retracted the complaint the next day. Defendant denies the remaining allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant admits that Plaintiff Powell was reassigned from the Loss Mitigation team to the Foreclosure team at his request, but denies the remaining allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant admits that Plaintiff Moreno began his employment with Clayton Holdings on July 14, 2014, but denies the remaining allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant admits that, in his last performance review, Plaintiff Moreno received an annual rating of "Exceeded" on his production goals and an annual rating of "Far Exceeding" on his quality goals.

40. Defendant denies the allegations in Paragraph 40.

FPDOCS 33704073.3

41. Defendant denies the allegations in Paragraph 41.

42. Defendant admits that Plaintiff Moreno was discharged on February 25, 2016 as part of a reduction in force.

43. Defendant admits Plaintiff Ramos began his employment with Clayton Holdings in March 2012, left the company in June 2013, and was rehired in July 2014.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant admits that Plaintiff Ramos was discharged on February 25, 2016 as a part of a reduction in force.

49. Defendant admits that Plaintiffs were discharged on February 25, 2016 as part of a reduction in force.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant admits that it solicited applications for transactional compliance analysts in Denver in or around July 2016, but denies the remaining allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant admits that, at the time of their respective terminations, Plaintiffs were offered severance, and were required to sign a severance agreement, which included a release of

claims, in order to receive such severance. Defendant denies the remaining allegations in Paragraph 55.

56. Defendant admits that none of the Plaintiffs signed the severance agreement.

57. Defendant admits that Plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission in June 2016, but denies the remaining allegations in Paragraph 57.

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies the same.

*First Cause of Action*

59. Defendant incorporates by reference its responses to the allegations in Paragraphs 1-58.

60. Paragraph 60 of the Complaint does not contain any factual allegations to which a response is required. To the extent a response is required, Defendant denies the allegations in such paragraph.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

FPDOCS 33704073.3

*Second Cause of Action*

67. Defendant incorporates by reference its responses to the allegations in Paragraphs 1-66.

68. Paragraph 68 of the Complaint does not contain any factual allegations to which a response is required. To the extent a response is required, Defendant denies the allegations in such paragraph.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

*Third Cause of Action*

73. Defendant incorporates by reference its responses to the allegations in Paragraphs 1-72.

74. Paragraph 74 of the Complaint does not contain any factual allegations to which a response is required. To the extent a response is required, Defendant denies the allegations in such paragraph.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

*Fourth Cause of Action*

80. Defendant incorporates by reference its responses to the allegations in Paragraphs 1-80.

81. Paragraph 81 of the Complaint does not contain any factual allegations to which a response is required. To the extent a response is required, Defendant denies the allegations in such paragraph.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

87. Defendant denies all allegations not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendant was not Plaintiffs' employer. Rather, Plaintiffs were employed by Clayton Holdings.

2. Plaintiffs have failed to state a claim upon which relief can be granted.

3. One or more of Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

4. One or more of Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

5. One or more of Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

6. Plaintiffs' claims are barred to the extent they failed to exhaust any administrative prerequisites and/or exhaust any required administrative remedies prior to bringing this action.

7. Any actions taken with respect to Plaintiffs' employment were taken for legitimate, non-discriminatory and non-retaliatory business reasons.

8. Any actions taken with respect to Plaintiffs' employment were job-related and consistent with business necessity.

9. Plaintiffs cannot establish a causal connection between any alleged protected activity and any alleged adverse employment action.

10. Defendant cannot be held liable because it exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiffs unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

11. Defendant cannot be held liable because it has adopted and enforced a no-harassment policy, and neither knew nor should have known of the alleged acts or omissions on which Plaintiffs' claims are based.

12. Plaintiffs' recovery, if any, may be barred or reduced by their failure to mitigate their damages.

13. All interim earnings of, or amounts earned or which could have been earned with reasonable diligence by, Plaintiffs should reduce any award of back pay or front pay, which might otherwise be allowable.

14. Defendant is entitled to an award of its attorneys' fees and costs pursuant to federal law.

WHEREFORE, having fully answered the allegations of Plaintiffs' Complaint and having raised defenses thereto, Defendant prays that judgment be entered against Plaintiffs on their claims, and that Defendant be awarded reasonable costs, including attorneys' fees, incurred in defending this action and such other relief as the Court deems appropriate.

Respectfully submitted this 27th day of February, 2018.

                                                FISHER & PHILLIPS LLP

                                                By: *s/ Darin Mackender*
                                                    Darin Mackender
                                              1801 California Street, Suite 2700
                                              Denver, CO 80202
                                              Telephone: (303) 218-3650
                                              Facsimile: (303) 218-3651
                                              dmackender@fisherphillips.com

                                              **Attorneys for Defendant**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 27th day of February, 2018, a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO COMPLAINT AND JURY DEMAND** was served via CM/ECF on the following:

Zachary S. Westerfield
Logan R. Martin
Westerfield & Martin, LLC
600 17th Street, Suite 2800 S. Tower
Denver, CO 80202
zach@westerfieldlaw.com
logan@westerfieldlaw.com

Richard Masana
Masana Legal Group, LLC
3135 W. 22nd Ave., #2
Denver, CO 80211
rich@masanalegalgroup.com

*s/ Casey Kite*
Casey Kite