IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02754-STV-RPM

**DERWIN POWELL**, an individual
**JUSTIN MORENO**, an individual
**JESUS RAMOS**, an individual

    Plaintiff(s),

v.

**CLAYTON GROUP HOLDINGS, INC**., a Delaware corporation,

    Defendant.

---

**JOINT PROPOSED SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL**

A scheduling conference was held on March 22, 2018, at 9:00 a.m. Appearing for the parties were the following:

Lead Counsel for Plaintiffs:

Zachary S. Westerfield
Logan R. Martin
Westerfield & Martin, LLC
600 17th St. Ste. 2800 S. Tower
Denver, CO 80202
303.915.5002
zach@westerfieldlaw.com
logan@westerfieldlaw.com

Counsel for Plaintiffs:

Rich Masana
Masana Legal Group
3135 W 22nd Ave, #2
Denver, CO 80211
720.450.1973
rich@masanalegalgroup.com

Lead Counsel for Defendant:

Darin Mackender
Fisher & Phillips LLP
1801 California St, Suite 2700
Denver, CO 80202
(303) 218-3650
dmackender@fisherphillips.com

## 2. STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 1331, and 1343. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"). This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiffs:

This is an employment discrimination and retaliation action. Defendant terminated all three Plaintiffs' employment at the same time after they had all made reports of discriminatory treatment and practices to Defendant's Human Resources Department. Defendant claimed that the Plaintiffs' employment positions were "eliminated". However, one day following the termination Defendant posted job openings online advertising for identical positions. During the course of their employment, the Plaintiffs were subject to

disparate placement and far more difficult work than their non-minority peers, upon which their performance would be compared. As a result of Defendant's conduct, the Plaintiffs have suffered economic and non-economic damages. Plaintiffs' claims draw from Title VII and the Colorado Anti-Discrimination Act.

b.     Defendant

Plaintiffs are asserting claims for discrimination on the basis of race and national origin, as well as retaliation, under Title VII of the Civil Rights Act of 1964 and the Colorado Anti-Discrimination Act. Plaintiffs were employed by Clayton Holdings LLC and/or its subsidiaries (collectively, "Clayton Holdings") as Compliance Analysts. They were discharged in February 2016, as part of a reduction in force. Neither Plaintiffs' race/national origin nor their alleged complaints about workplace issues had any bearing on any of the company's actions with respect to their employment.

In addition to denying the material allegations of Plaintiffs' complaint, Defendant asserts that it was not Plaintiffs' employer and Plaintiffs were employed by Clayton Holdings; Plaintiffs have failed to state a claim upon which relief can be granted; one or more of Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches; one or more of Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands; one or more of Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations; Plaintiffs' claims are barred to the extent they failed to exhaust any administrative prerequisites and/or exhaust any required administrative remedies prior to bringing this action; any actions taken with respect to Plaintiffs' employment were taken for legitimate, non-discriminatory and non-retaliatory business

reasons; any actions taken with respect to Plaintiffs' employment were job-related and consistent with business necessity; Plaintiffs cannot establish a causal connection between any alleged protected activity and any alleged adverse employment action; Defendant cannot be held liable because it exercised reasonable care to prevent and promptly correct any harassing behavior, and Plaintiffs unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise; Defendant cannot be held liable because it has adopted and enforced a no-harassment policy, and neither knew nor should have known of the alleged acts or omissions on which Plaintiffs' claims are based; Plaintiffs' recovery, if any, may be barred or reduced by their failure to mitigate their damages; all interim earnings of, or amounts earned or which could have been earned with reasonable diligence by, Plaintiffs should reduce any award of back pay or front pay, which might otherwise be allowable; and Defendant is entitled to an award of its attorneys' fees and costs pursuant to federal law.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiffs are individuals residing in Denver, Colorado.

2. Defendant is a Delaware Corporation.

3. Plaintiffs were employed by Clayton Holdings and had their employment terminated in February 2016.

## 5. COMPUTATION OF DAMAGES

a. Plaintiffs: Plaintiffs seek full lost wages and benefits from the date of their termination on February 2017 through the period each found new employment. Plaintiffs also seek lost wages and benefits including back pay and front pay based on the difference in compensation they received from Defendant and new employment. Plaintiffs request non-economic and punitive damages to the extent recoverable by law as well as costs, reasonable attorney fees, and pre-and post-judgment interest. Plaintiffs will provide a numerical computation with their 26(a)(1) disclosures.

a.b.  Defendant: Defendant has not asserted a claim for damages, but does seek to recover its attorneys' fees and costs incurred in the defense of this action.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting. March 2nd, 2018

b. Names of each participant and party he/she represented.

   Logan Martin and Rich Masana representing Plaintiffs

   Darin Mackender, representing Defendant

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

   Initial disclosures will be made on or before March 16, 2018 per Fed. R. Civ. P. 26(a)(1)(C).

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

e.  Statement concerning any agreements to conduct informal discovery:

It is not expected that informal discovery will be needed or utilized in this action.

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties are amenable to using a unified exhibit numbering system.

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate the need to discover substantial electronically stored information. While relevant exhibits in this action may include emails, advanced discovery protocols for discovery are likely unnecessary.

The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

The parties agree to discuss in good faith potential settlement or resolution of the case through alternative dispute resolution.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

The parties propose the following limitations on discovery:

**Depositions**:
    Plaintiff's Position: 5 per side plus experts
    Defendant's Position: 10 per side
**Interrogatories**: 30 per side
**Requests for Production**: 25 per side
**Requests for Admission**: 20 + 30 as to authenticity of documents per side

The presumptive 7-hour limit on depositions shall apply.

The parties intend to file a joint motion for entry of a protective order to protect confidential information produced in discovery.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: May 7th, 2018

b. Discovery Cut-off: October 17th, 2018

c. Dispositive Motion Deadline: November 19th, 2018

d. Expert Witness Disclosures

   1. The parties shall identify anticipated fields of expert testimony, if any.

      i. Plaintiffs may retain a damages expert.

ii. Defendant anticipates designating experts in any area in which Plaintiffs designate experts, and reserves the right to designate experts in other areas.

2. Limitations which the parties propose on the use or number of expert witnesses:

   i. 1 per side, plus rebuttal experts.

3. The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) by July 17, 2018.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) by August 31, 2018.

   Defendant Proposes the inclusion of the following language:

   Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the Court. In addition to the requirements set forth in Rule 26(a)(2)(B)(i)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e. Identification of Persons to Be Deposed:

Plaintiff would depose Erin Anderson, Angela Derix, Lynda Malmborg, Defendant's 30(b)(6) representative, and potentially one additional former or current Clayton employee.

Defendant intends to depose Plaintiffs, and anticipates that each deposition will take a full day. Defendant may identify other persons to be deposed as discovery progresses.

f. Deadline to serve Interrogatories, Requests for Production of Documents, and/or Request for Admissions: August 31st, 2018.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

b. The final pretrial conference will be held on:

c. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: none at this time.

b. Anticipated length of trial and whether trial is to the court or jury:
The parties anticipate a 5-day trial. Plaintiffs have demanded a trial by jury.

b. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S.

Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _ day of _____ , 2018.

_____
United States Magistrate Judge

APPROVED AS TO FORM:

| /s/ Logan R. Martin | /s/ Darin Mackender |
|---|---|
| Westerfield & Martin, LLC<br>600 17th St.<br>Suite 2800 South Tower<br>Denver, CO 80202<br>(303) 915-5002<br>logan@westerfieldlaw.com<br>Counsel for Plaintiffs | Fisher & Phillips LLP<br>1801 California Street<br>Suite 2700<br>Denver, CO 80202<br>(303) 218-3670<br>dmackender@fisherphillips.com<br>Counsel for Defendant |